NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

JUN 21 2018

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| FLOYD L. MORROW; MARLENE MORROW, individually, as taxpayers of the City of San Diego, State of California, and on behalf of those similarly situated, | No. 17-56642 |
| | D.C. No. 3:11-cv-01497-BAS-KSC |
| Plaintiffs-Appellants, | MEMORANDUM* |
| v. | |
| CITY OF SAN DIEGO, a charter city, | |
| Defendant-Appellee, | |
| and | |
| MANDEL E. HIMELSTEIN, an individual; DOES 1-100, | |
| Defendants. | |

Appeal from the United States District Court
for the Southern District of California
Cynthia A. Bashant, District Judge, Presiding

Submitted June 12, 2018**

Before:    RAWLINSON, CLIFTON, and NGUYEN, Circuit Judges.

---

    *    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    **    The panel unanimously concludes this case is suitable for decision without oral argument.  See Fed. R. App. P. 34(a)(2).

Floyd L. Morrow and Marlene Morrow appeal from the district court's summary judgment in their 42 U.S.C. § 1983 action alleging an equal protection claim. We have jurisdiction under 28 U.S.C. § 1291. We review de novo. *Davis v. City of Las Vegas*, 478 F.3d 1048, 1053 (9th Cir. 2007). We affirm.

The district court properly granted summary judgment because the Morrows failed to raise a genuine dispute of material fact as to whether defendant's actions did not have a rational relationship to a legitimate state interest, or whether it had a discriminatory effect or purpose. *See Lacey v. Maricopa County*, 693 F.3d 896, 920 (9th Cir. 2012) (to succeed on a selective enforcement claim under the Equal Protection Clause of the Fourteenth Amendment, "a plaintiff must demonstrate that enforcement had a discriminatory effect and [that those enforcing the statute] were motivated by a discriminatory purpose." (internal quotation marks omitted)); *Lockary v. Kayfetz*, 917 F.2d 1150, 1155 (9th Cir. 1990) (a law that does not implicate a fundamental right or suspect classification need only some rational relationship to a legitimate state interest).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on

17-56642

appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**